IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ASIA FOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 22-00141-JB-MU |
| | ) | |
| LOUIS DEJOY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on Defendant Louis DeJoy's ("Mr. DeJoy") Motion for Summary Judgment and Memorandum of Law in Support (Doc. 75), Plaintiff Asia Fox's ("Ms. Fox") Response (Doc. 77), and Mr. DeJoy's Reply (Doc. 79). A hearing was held and the Court has reviewed the motion, briefs and the various exhibits filed. For the reasons discussed below, the Motion for Summary Judgment is GRANTED.

## INTRODUCTION

In her Amended Complaint, Ms. Fox requests relief for race discrimination, retaliatory discharge, wrongful suspension, hostile work environment, character defamation, and unknown civil rights violations. (Doc. 4). Ms. Fox claims retaliation based on her supervisor, Sharon Shelter's ("Shelter"), and other supervisors', progressive discipline and alleged delayed payments. Ms. Fox relates her retaliation claims only to a December 2019 incident involving an off-duty United State Postal Service ("USPS") employee ("the December 2019 Incident"). Ms. Fox also alleges that she suffered an on-the-job injury in April 2022, and that her supervisor refused to file a report.

In the Motion for Summary Judgment Mr. DeJoy contends that the December 2019 Incident does not constitute protected activity. Mr. DeJoy argues Ms. Fox does not allege and cannot establish that USPS took any retaliatory actions because of her prior protected EEOC activity or to dissuade protected activity. Further, Ms. Fox cannot prove a causal connection between protected activity and her progressive discipline. Mr. DeJoy also contends the Postal Service had legitimate, nondiscriminatory reasons for progressive discipline and Ms. Fox cannot prove pretext. Finally, Mr. DeJoy maintains Ms. Fox's injury claims are barred because she failed to exhaust her administrative remedies as to these claims and that such injury claims are exclusively covered by the Federal Employees' Compensation Act (FECA). 5 U.S.C. § 8101 *et seq*. In responding to the Motion for Summary Judgment Ms. Fox neither responded to the narrative summary of undisputed facts prepared by Mr. DeJoy nor responded to the legal arguments advanced in support of summary judgment.

## STANDARD OF REVIEW

Under Rule 56, "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). Material facts are those that support an essential element of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986). The Eleventh Circuit has expressly held that Rule 56 applies in employment discrimination cases. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) negative treatment on other grounds ("In *Chapman v. AI Transport*, 229 F.3d 1012, 1026 (11th Cir. 2000) (*en banc*), we explained 'that the summary judgment rule applies in job

discrimination cases just as in other cases. No thumb is to be placed on either side of the scale.' Id. at 1026."), abrogated on other grounds by *Lewis v. City of Union City*, 918 F.3d 1213, 1218 (11th Cir. 2019) (*en banc*).

Relevant here, a *pro se* litigant's "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). Regarding summary judgment, even though pro se pleadings are entitled to a more lenient interpretation, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). However, a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Thus, to survive summary judgment, Ms. Fox must present more than a "mere scintilla of the evidence" supporting the existence of a genuine issue of material fact; evidence must be presented on which a trier of fact could find for a plaintiff. *Id*. at 251–52.

A properly supported motion requires a non-movant to come forward with sufficient evidence on each count of the complaint that must be proven. *Early v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). Unless the non-moving party can present sufficient evidence creating a genuine dispute that could support resolution in its favor, there is no issue for trial. *Anderson*, 477 U.S. at 249. "In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman*, at 1023 (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). However, "[The non-moving party] need not be given the benefit of every inference but only of every reasonable

inference." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982).

**ANALYSIS**

Summary judgment is appropriate in this case because there are no genuine issues of material fact. Ms. Fox fails to demonstrate any case law or evidence in support of her Opposition to Mr. DeJoy's Motion for Summary Judgment. Moreover, Ms. Fox fails to dispute Mr. DeJoy's Statement of Undisputed Material Facts (material facts). (*See* Doc. 77). Ms. Fox fails to show that Mr. DeJoy's Motion for Summary Judgment is genuinely disputed by "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Ms. Fox, also did not respond to Mr. DeJoy's substantive summary judgment arguments, thus abandoning her claims and entitling Mr. DeJoy to judgment as a matter of law. *See Schoen v. State Farm Fire & Cas. Co.*, 2022 WL 16626218, at *2 (S.D. Ala. Nov. 1, 2022) (quoting *Celotex*, 477 U.S. at 323) ("if the nonmoving party fails 'to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment."). Indeed, despite styling her Opposition as a sworn affidavit/affirmation that is based on her personal knowledge, Ms. Fox fails to assert specific

facts—beyond mere allegations or denials—sufficient to create a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In contrast, Mr. DeJoy's substantive summary judgment arguments are supported by the undisputed material facts and undisputed exhibits establishing Ms. Fox's claims are barred as a matter of law.

I.     **Ms. Fox fails to establish a genuine issue of material fact regarding her 2022 injury.**

Rather than address Mr. DeJoy's substantive arguments regarding her race discrimination and retaliation claims, Ms. Fox disputes two points in DeJoy's motion related to her 2022 on-the-job personal injury claims (2022 injury) as "inaccurate and insufficient." First, Ms. Fox disputes whether USPS clearing her to work on May 5, 2020 is relevant to her 2022 injury. Fox is correct that her 2020 clearance to return to work is not relevant to her 2022 injury. Defense counsel incorrectly included this exhibit in support of DeJoy's motion. As part of this disputed point, Fox claims that "[she] still had to get an MRI," but did not provide any MRI results. Rather, Fox attached her October 1, 2022 statement letter (statement letter), in which she confirmed that "[her] foot is healing and doing better than before." [Doc. 77-1, PageID.491].

In her response, Ms. Fox disputes whether USPS followed policy — without identifying what policy it was — when issuing her period of injury payments. Mr. DeJoy correctly notes that this declaration constitutes inadmissible hearsay. "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). To be considered in opposition to a properly supported motion for summary judgment, a verified pleading "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Under Rule 602, "[a] witness may testify to a

matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. [].￼" Fed. R. Ev. 602. A hearsay statement, such as Ms. Fox's non-specific declaration regarding USPS policy, is not admissible unless it complies with Federal Statutes and the Federal Rules of Evidence. *See* Fed. R. Ev. 801 and 801.

Regardless of how she styles her Opposition, the Court is persuaded that Ms. Fox lacks the requisite personal knowledge and foundation to testify regarding an unidentified USPS policy. *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 335 (11th Cir. 2011) ("[a]ffidavits must be based on personal knowledge and must set forth facts that would be admissible under the Federal Rules of Evidence"). On this record, Ms. Fox's statements are inadmissible hearsay and inappropriate for this Court's consideration. *Taite v. Monroe Cnty. Pub. Libr.*, No. CV 19-0212-TFM-MU, 2020 WL 7225832, at *11 (S.D. Ala. June 19, 2020), report and recommendation adopted, No. 1:19-CV-212-TFM-MU, 2020 WL 6342721 (S.D. Ala. Oct. 28, 2020) ("mere 'belief' and/or speculation is not based on personal knowledge and is not competent summary judgment evidence"). Moreover, as detailed below, Ms. Fox does not address USPS' substantive arguments related to her 2022 injury.

## II.    Ms. Fox abandoned her claims.

Ms. Fox fails to address any of Mr. DeJoy's substantive legal arguments, supporting material facts or exhibits. In this context, such abandonment warrants judgment as a matter of law in Mr. DeJoy's favor. *See Deneve v. DSLD Homes Gulf Coast, LLC*, No. 1:18-CV-487-JB-B, 2020 WL 5521371, at *3 (S.D. Ala. Sept. 14, 2020), aff'd, No. 20-13844, 2021 WL 2026616 (11th Cir. May 21, 2021) (holding that arguments not responded to on summary judgment are abandoned). Mr. DeJoy expressly sought summary judgment on Ms. Fox's race discrimination, retaliation, and

2022 injury claims. Ms. Fox's failure to respond to Mr. DeJoy's substantive summary judgment arguments constitutes abandonment of her claims. *See Russell v. City of Mobile*, No. CIV.A. 11-0267-CG-B, 2013 WL 1567372, at *5 (S.D. Ala. Apr. 12, 2013), aff'd sub nom. *Russell v. City of Mobile Police Dep't*, 552 F. App'x 905 (11th Cir. 2014) ("grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned").

Although Ms. Fox disputed two points related to her 2022 injury, she did not address Mr. DeJoy's substantive arguments that she has not administratively exhausted her 2022 injury claims and that the Federal Employees' Compensation Act (FECA) exclusively covered those claims. "It is black-letter law that a plaintiff may not sue under Title VII before exhausting administrative remedies by filing a timely charge of discrimination with the appropriate agency (in this case, the EEOC)." *Woods v. Austal, U.S.A., LLC*, No. CIV.A. 09-0699-WS-N, 2011 WL 1380054, at *26 (S.D. Ala. Apr. 11, 2011). Because Ms. Fox failed to address Mr. DeJoy's argument that she did not exhaust her administrative remedies, Mr. DeJoy is entitled to summary judgment on this threshold issue.

Ms. Fox's 2022 injury claims are also barred by FECA's exclusive remedy. "[] FECA contains an 'unambiguous and comprehensive' provision barring any judicial review of the Secretary of Labor's determination of FECA coverage." *Southwest Marine, Inc. v. Gizoni*, 502 U.S. 81, 90 (1991) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 780 & n.13 (1985)); *see also* 5 U.S.C. § 8128(b) (FECA "is not subject to review"). Ms. Fox pursued FECA compensation and USPS paid

her for her period of injury.[1] Ms. Fox's Opposition fails to address these substantive arguments, thereby abandoning her race discrimination, retaliation, and 2022 injury claims.

### III.    Ms. Fox admitted Mr. DeJoy's material facts.

In her response, Ms. Fox failed to rebut USPS' material facts. To rebut these factual arguments, Ms. Fox's Opposition must include "(1) all facts relied upon, each supported by a specific pinpoint citation to the record; (2) all challenges to [Mr. DeJoy's] asserted facts; and (3) argument supported by legal authority as appropriate." S.D. Ala Civ. L.R. 56(b); *see also* Civil L. R. 56(d) (stating "the Court will deem uncontroverted material facts to be admitted solely for the purpose of deciding the motion for summary judgment"). If an assertion of fact is not properly disputed, the court considers that fact undisputed and may grant summary judgment if the motion and supporting materials show the movant it entitled to it. Fed. R. Civ. P. 56(e).

Mr. DeJoy's material facts are supported by the evidence in the record and are irreconcilable with any notion of race discrimination or retaliation. *Isaac v. Wal-Mart Stores E., LP*, 2017 WL 6061533, at *6 (S.D. Ala. Dec. 7, 2017) (granting summary judgment because the relevant facts were not disputed, and plaintiff was unable to establish disability discrimination or retaliation). Here, the Court finds Mr. DeJoy has met his burden of proof through its uncontroverted material facts.

### IV.    The Exhibits offered by Ms. Fox do not prove her claims.

Ms. Fox "presented to the defendant evidence of which can be presented to a jury to prove [her] claims." (Doc. 77). This evidence appears to consist of fifteen pages of various documents.

---

[1] Moreover—if Ms. Fox is attempting to assert her personal injury allegations in conjunction with her retaliation claim—she does not expressly make this argument and does not relate her FECA claim to prior protected activity or to an adverse employment action. Furthermore, Fox attached documentation3 that confirming, rather than disputing, Mr. DeJoy's position that she pursued FECA coverage and received period of injury payments.

Ms. Fox does not explain what argument(s) these documents support. Courts are not required to "distill every potential argument that could be made based on the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 598 (11th Cir.1995) (*en banc*)). This submission fails to meet Ms. Fox's burden to provide facts to challenge the facts proffered by Mr. DeJoy. S.D. Ala. Civ. L.R. 56(b).

In support of her Opposition, Ms. Fox attached a (1) October 18, 2022, Department of Labor (DOL) letter, (2) a October 25, 2022, responsive letter, and a (3) September 30, 2022, DOL letter that appear to relate to DOL attempts to schedule an MRI. (*See* Doc. 77-1). Ms. Fox also attached an (4) Initial Payment Memo and a (5) July 7, 2022 DOL letter, appearing to relate to DOL handling her compensation claim. (*Id*.). Ms. Fox makes no express arguments relating to these exhibits or to how these exhibits establish a genuine issue of material fact. As noted above, this Court is not required to uncover all facts buried within the record that may support her claims. *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011). Moreover, on their face, these exhibits appear to support Mr. DeJoy's argument that Ms. Fox's injury claims arise under FECA and are not properly before this Court. (*See* Doc. 75]. Ms. Fox makes no argument to the contrary.

Ms. Fox also attached her statement letter (resignation letter) without explaining how this letter goes towards her burden to establish a genuine issue of material fact. (*See* Doc. 77-1). Resignations are presumed voluntary and an employee's choice to resign rather than face a "comparably unpleasant alternative" does not make their resignation involuntary. *Blake v. City*

*of Montgomery*, No. 20-14229, 2021 WL 5177429, at *6 (11th Cir. Nov. 8, 2021). The Eleventh Circuit recognizes "two circumstances under which an employee's resignation will be deemed involuntary: (1) where the employer forces the resignation by coercion or duress; or (2) where the employer obtains the resignation by deceiving or misrepresenting a material fact to the employee." *MacLean v. City of St. Petersburg*, 194 F. Supp. 2d 1290, 1299 (M.D. Fla. 2002) (citing *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir.1995) (citing *Schultz v. U.S. Navy*, 810 F.2d 1133, 1135–1137 (Fed.Cir.1987); and *Scharf v. Dept. of the Air Force*, 710 F.2d 1572, 1574 (Fed.Cir.1983)). On its face, Ms. Fox's statement letter demonstrates she voluntarily resigned. Ms. Fox does not argue that she was forced to resign or deceived about what her resignation meant. Rather, through her statement letter, Ms. Fox indicates she understood the nature of her choice and voluntarily made the decision to resign.

Moreover, Ms. Fox's statement letter does not address any of Mr. DeJoy's substantive summary judgment arguments. Even liberally construed, the allegations cited in her unsworn statement letter do not constitute specific facts sufficient to create a genuine issue for trial. *Petty v. United Plating, Inc.*, CV-09-S-1465-NE, 2012 WL 2047532, at *2 (N.D. Ala. May 31, 2012) (quoting *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir.2003) and *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 n.17 (1970) (It is well settled that "[u]nsworn statements 'do[ ] not meet the requirements of Fed. Rule Civ. Proc. 56(e)' and cannot be considered by a district court in ruling on a summary judgment motion")). Ms. Fox's "conclusory allegations based on her subjective belief that she was [discriminated against are] not sufficient to make a genuine issue of material fact such that summary judgment should not be granted." *Parker v. CGI Techs. & Sols., Inc.*, No. CIV.A. 2:11-0288-KD, 2012 WL 3610784, at *1 (S.D. Ala. Aug. 21, 2012) (citing *Leigh v.*

*Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir.2000)). Accordingly, Ms. Fox's exhibits do not prove her claims.

## CONCLUSION

Based on the foregoing, Mr. DeJoy's Motion for Summary Judgment is GRANTED.

**DONE and ORDERED** this 26th day of September, 2024.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE